

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED LAFAYETTE

SEP 04 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| Mouton | Civil Action No. 6:13-cv-001666 |
| versus | Judge Richard T. Haik, Sr. |
| Augustine, et al | Magistrate Judge C. Michael Hill |

## ORDER

Before the Court is *pro se* plaintiff, Pertanicka Mouton's, Default Judgment. *R. 22*. Plaintiff filed a Complaint on June 13, 2013 setting forth allegations that she was "Sexually Harassed by Russell Augustine, Property Manager at Live Oak Manor in Abbeville, La, in January of 2011." Plaintiff alleged that she endured unwelcomed sexual advances and other verbal conduct of a sexual or otherwise offensive nature from Augustine. She further alleged that after she talked to her City Councilman, Wayne Landry, she was given eviction notices and was required to pay for repairs. Plaintiff also alleged that as a result of Augustine's unwanted sexual advances, "certain parts of her marriage are torn apart" and she was advised "to seek Psyche Evaluation and Counseling" because she was depressed and could not sleep.

The record reflects that Augustine was properly served with the Summons and Complaint, pursuant to Rule 4(e)(1) and Rule 4(e)(2) of the Federal Rules of Civil Procedure, on July 1, 2013. *R. 6*. The Clerk of Court issued a notice of Entry of Default against Augustine on July 17, 2014. *R. 21*. Plaintiff filed the Motion for Default Judgment[1] on July 25, 2014, stating that Augustine is indebted to her for "$2,000,000 plus interest."

---

[1] Plaintiff actually filed a document titled "Default Judgment." *R. 21*. The Clerk of Court construed the filing as a Motion for Default Judgment. *R. 22*.

The Fifth Circuit has held that a "party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir.2001). In fact, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Id.* Thus, the Fifth Circuit has noted, federal courts generally disfavor default judgments, preferring to resolve disputes according to their merits. *Harper McLeod Solicitors v. Keaty & Keaty*, 260 F.3d 389, 393 (5th Cir.2001). The Fifth Circuit has held a district court must set aside a default judgment as void if it determines that it lacked personal jurisdiction over the defendant because of defective service of process. *Id.*

It is also well-settled that "a defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir.1975). "In short, despite occasional statements to the contrary, a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Id.* Thus, a default judgment cannot be granted unless the judgment is supported by the well-pleaded allegations of the complaint.

Here, plaintiff has pled in her Complaint that defendant Augustine engaged in "Sexual Harassment" while she was either applying for or renting the housing which he managed. Based on her Complaint, the Court construes plaintiff's cause of action as being brought under the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 et seq., which prohibits discrimination based on sex in the sale or rental of housing. Plaintiff's Complaint, however,

2

fails to set forth a sufficient basis for a default judgment relative to the defendant's alleged behavior. In particular, (1) the specific time frame during which the alleged sexual advances occurred; (2) what, if any, remedies plaintiff seeks; (3) whether or not plaintiff sustained actual injuries or damages related to the sexual advances; and (4) if so, evidence supporting the amount of such actual injuries or damages. Accordingly,

**IT IS ORDERED** that within thirty (30) days of the entry of this Order, plaintiff, Pertanicka Mouton, **SHALL** filed an amended complaint with the court as provided in the foregoing.

**IT IS FURTHER ORDERED** that the September 18, 2014 Motion Setting with oral argument on the Motion For Default Judgment, *R. 23*, is **CANCELED** and plaintiff is not to appear in court on that date.

**THUS DONE AND SIGNED** in Lafayette, Louisiana, this 3rd day of September, 2014.

_____
**RICHARD T. HAIK, SR**
**UNITED STATES DISTRICT JUDGE**